UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| MARC SCHRADER, § | | |
| Institutional ID No. 1519433, § | | |
| SID No. 749662 § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. |
| § | | 1:10-CV-216-BI |
| DR. KEVIN REGAN, M.D., § | | ECF |
| *et al.*, § | | |
| § | | |
| Defendants. § | | Referred to U.S. Magistrate Judge |

### REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis,* filed his complaint under 42 U.S.C. § 1983 on September 8, 2010 (Doc. 1). This case was transferred to the Northern District of Texas, Abilene Division on September 24, 2010 (Doc. 6). By order entered on October 1, 2010, this case was transferred to the docket of the United States magistrate judge. Plaintiff refused his consent to proceed before the United States magistrate judge on October 14, 2010 (Doc. 15). On November 16, 2010, the court held an evidentiary hearing, pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and 28 U.S.C. § 1915. Plaintiff appeared and testified in his own behalf. Plaintiff, confined at all relevant times to the French Robertson Unit ("Robertson Unit") of the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID"), alleges that the Defendants were deliberately indifferent to his health and safety by failing to test his VPA levels, by failing to discover that he was experiencing a serious allergic reaction to VPA, and by failing to appropriately treat such allergy. The court thus makes findings of fact, conclusions of law, and a recommended disposition to the United States district judge as herein provided.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In his complaint, as supplemented by his testimony, Plaintiff claims that:

1. During all times relevant to the claims in his complaint, Plaintiff was confined to the Middleton Unit. Plaintiff is currently confined to the Ramsey I Unit.

2. On September 3, 2008, Plaintiff was prescribed valporic acid ("VPA"), a medication, by Dr. Jessie B. Singh and P.A. Mark Warren. Warren ordered that Plaintiff's VPA levels be checked in two weeks.

3. On September 16, 2008, Nurse Patsey Ballew did not take a blood sample to test Plaintiff's VPA levels, stating that he was only 70% compliant with his medication.

4. Plaintiff complained of a rash on October 2, 2008. Nurse Jeannine Brent told Plaintiff that the rash was not caused by an allergic reaction to the VPA because he had been taking the medication for nearly a month. Plaintiff was prescribed Benadryl.

5. On October 6, 2008, a blood sample was collected to test Plaintiff's VPA levels and liver enzymes.

6. Plaintiff experienced additional symptoms and reported to the infirmary on October 9, 2008. Plaintiff was prescribed medication.

7. Plaintiff again received care on October 14, 2008, after experiencing more symptoms. Plaintiff was transported to the Hendrick Medical Center, where he was treated and then released back to the Middleton Unit.

8. On October 20, 2008, Dr. Kevin Regan determined that Plaintiff had lost more weight and diagnosed him with acute renal failure. Plaintiff was transported to Hendrick Medical Center, where he was treated. Medical officials determined that Plaintiff was having a negative reaction to VPA.

9. Plaintiff was returned to the Middleton Unit, and later transferred to the Montford Unit Hospital for additional treatment.

Plaintiff is seeking declaratory and injunctive relief, an award of damages, an award of attorneys fees and costs, and any other relief to which he may be entitled.

## II. ANALYSIS

In both proceedings *in forma pauperis* and civil actions brought by a prisoner against a governmental entity, officer, or employee, the court is required under 28 U.S.C. §§ 1915-1915A to dismiss the complaint or any portion of the complaint if the complaint is frivolous or malicious or fails to state a claim on which relief may be granted. These provisions thus apply to this *in forma pauperis* prisoner civil rights action. *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999). "An [*in forma pauperis*] complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact." *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). The court is authorized *sua sponte* to test whether the proceeding is frivolous or malicious even before the service of process or before an answer is required to be filed. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *see also* 42 U.S.C. § 1997e(c)(1). A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire to develop the factual basis of the plaintiff's complaint); *Spears,* 766 F.2d 179 (use of an evidentiary hearing).

The court has reviewed Plaintiff's allegations in his complaint, as supplemented by his testimony and documents, to determine whether Plaintiff has stated sufficient claims to require the Defendants to answer or otherwise plead. The court makes the recommendations noted herein.

A.      **Deliberate Indifference to Health and Safety - Failure to Protect**

Plaintiff alleges that Middleton Unit officials were deliberately indifferent to his health and safety by failing to test his VPA levels, by failing to discover that he was experiencing a serious allergic reaction to VPA, and by failing to appropriately treat such allergy.

In order to state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). Plaintiff claims that TDCJ officials were deliberately indifferent to his serious medical needs.

It is recognized that "prison walls do not form a barrier separating prison inmates from the protections of the Constitution." *Turner v. Safley*, 482 U.S. 78, 84 (1987). The protections afforded prisoners specifically include the Eighth Amendment's prohibition against cruel and unusual punishment. *See Whitley v. Albers*, 475 U.S. 312, 318, (1986). Punishment rises to the level of cruel and unusual only where it involves an "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).

"The Constitution 'does not mandate comfortable prisons,' . . . but neither does it permit inhumane ones, and it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989) (internal citation omitted). The Eighth Amendment's prohibition against cruel and unusual punishment imposes minimum requirements on prison officials in the treatment received by and facilities available to prisoners. *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). However, the Eighth Amendment does not afford protection against mere discomfort or inconvenience. *Id*.

The Supreme Court has defined the requirements for making an Eighth Amendment claim as containing both objective and subjective components. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). The objective component requires proof that the deprivation was sufficiently serious. *Id.* To meet the objective component, "extreme deprivations are required . . . ." *Davis v. Cox,* 157 F.3d 1003, 1006 (5th Cir. 1998) (citing *Hudson v. McMillian,* 503 U.S. 1, 8 (1992)). Under a "totality of conditions test," conditions of confinement must not impose the wanton and unnecessary infliction of pain. *Austin v. Johnson,* 328 F.3d 204, 209 (5th Cir. 2003).

The subjective component is met by a prison official who is deliberately indifferent to an inmate's health or safety. In this context, to be deliberately indifferent, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). In other words, the prison official must be subjectively aware of a substantial risk of serious harm to the inmate and fail to protect the inmate from that harm. *Farmer*, 511 U.S. at 839-40. Thus, the "'failure to alleviate a significant risk that [the official] should have perceived, but did not,' is insufficient to show deliberate indifference." *Domino v. Texas Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Farmer,* 511 U.S. at 838).

"To violate the Cruel and Unusual Punishment Clause, a prison official must have a 'sufficiently culpable state of mind.'" *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) (quoting *Farmer*, 511 U.S. at 834). The "applicable *mens rea* of deliberate indifference demands subjective knowledge of a substantial health risk." *Gobert v. Caldwell*, 463 F.3d 339, 348 (5th Cir. 2006). Thus, "[t]he deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the [ ] officials were actually aware of the risk, yet consciously disregarded it." *Lawson v. Dallas County,* 286 F.3d 257, 262 (5th Cir. 2002). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious bodily harm and he disregards that risk by

failing to take reasonable measures to abate it." *Gobert*, 463 F.3d at 346 (citing *Farmer*, 511 U.S. at 847); *Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994)). Prison officials must "know of and disregard [the] excessive risk to inmate health or safety." *Hall*, 190 F.3d at 697 (citations and brackets omitted). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." *Id.* (quoting *Farmer*, 511 U.S. at 834).

In the context of medical care, or lack of care, the Eighth Amendment prohibits the unnecessary and wanton infliction of pain or care repugnant to the conscience of mankind. *Estelle*, 429 U.S. at 104-06. Not every claim of inadequate or improper medical treatment is a violation of the Constitution, however. *Id.* at 105-07. To establish an Eighth Amendment medical claim for cruel and unusual punishment, Plaintiff must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. A complainant must show that a prison official's state of mind was "one of 'deliberate indifference' to inmate health or safety." *Farmer,* 511 U.S. at 834. "The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the jail officials were actually aware of the risk, yet consciously disregarded it." *Lawson,* 286 F.3d at 262. Thus, the prison official must "know of and disregard [the] excessive risk to inmate health or safety." *Hall*, 190 F.3d at 697 (citations and brackets omitted). Moreover, "the facts underlying a claim of 'deliberate indifference' must *clearly evince* the medical need in question and the alleged official dereliction." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (citing *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981)). "To violate the Cruel and Unusual Punishment Clause, a prison official must have a 'sufficiently culpable state of mind.'" *Hall*, 190 F.3d at 697 (quoting *Farmer*, 511 U.S. at 834). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." *Id*.

The deliberate indifference requirement is more than mere negligence in failing to supply medical treatment. *Gibbs v. Grimmitte*, 254 F.3d 545, 549 (5th Cir. 2001). A complaint "that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Hall*, 190 F.3d at 697 (citing *Estelle*, 429 U.S. at 105). Neither "'negligence, neglect or medical malpractice'" gives rise to a § 1983 cause of action. *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991) (citing *Johnson,* 759 F.2d at 1238). "[N]egligent or mistaken medical treatment or judgment does not implicate the Eighth Amendment and does not provide the basis for a civil rights action." *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993). A negligent or "inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Estelle,* 429 U.S. at 105-06. While inadequate treatment "may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not." *Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir. 1999). Thus, mere "negligence is insufficient to support a finding of liability"; the Plaintiff must show that the Defendants were "deliberately indifferent." *Adames*, 331 F.3d at 514.

Deliberate indifference is also more than disagreement between patient and doctor as to the appropriate treatment, except in exceptional circumstances. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) ([A]bsent exceptional circumstances, a prisoner's disagreement with his medical treatment is not actionable under § 1983.). Moreover, "[u]nsuccessful medical treatment does not give rise to a § 1983 cause of action." *Varnado*, 920 F.2d at 321 (citing *Johnson*, 759 F.2d at 1238); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

Rather, to show deliberate indifference to his serious medical needs, the Plaintiff must demonstrate that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for

any serious medical needs." *Domino*, 239 F.3d at 756 (quoting *Johnson*, 759 F.2d at 1238). Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos*, 41 F.3d at 235 (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir.1993)).

Plaintiff alleges that Middleton Unit officials and medical staff failed to test his VPA levels, failed to adequately treat his illness, and failed to determine that he was experiencing a serious allergic reaction to VPA, ultimately resulting in renal failure. To the extent that Plaintiff alleges that any correctional or medical officials were negligent by providing care which did not alleviate his symptoms, allegations of negligence or medical malpractice do not provide the basis for a constitutional civil rights claim. *Varnado,* 920 F.2d at 321; *Johnson*, 759 F.2d at 1238. Plaintiff's allegations fail to demonstrate that the Defendants refused to treat him, ignored his complaints, or intentionally treated him incorrectly. *Domino*, 239 F.3d at 756. Plaintiff testified that he was seen by medical personnel while at the Middleton Unit and Montford Unit Hospital, that a nurse did not check his VPA levels just under two weeks after he started because he was only 70% compliant with his medication, that he was transferred and treated at the Hendrick Medical Center, and that he was told that he could not be experiencing an allergic reaction because he had been taking the medication for some time. Plaintiff's disagreement with the type of medical care provided is actionable under § 1983 only if there were exceptional circumstances. *See Varnado*, 920 F.2d at 321. Plaintiff's allegations do not demonstrate that such circumstances were present. His dissatisfaction with his treatment by Middleton Unit officials and medical staff and his desire for any particular treatment do not demonstrate deliberate indifference to his serious medical needs. Plaintiff has not demonstrated that the Defendants have engaged in any conduct that would clearly demonstrate a wanton disregard for any serious medical needs. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Domino*, 239 F.3d at 756. Plaintiff's constitutional claims against the Defendants for

deliberate indifference to his serious medical needs lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

Plaintiff has asserted claims against the Defendants in both their individual and their official capacities. The court has already found that each of Plaintiff's claims asserted against the Defendants in their individual capacities should be dismissed with prejudice as frivolous.

The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983. *Aguilar v. Tex. Dep't of Crim. Justice, Institutional Div.*, 160 F.3d 1052, 1054 (5th Cir. 1998) (citing *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 875 n.9 (5th Cir. 1991)). A state's sovereign immunity is not waived for claims pursuant to 1983. *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, 338 n.7 (1979)). Moreover, the State of Texas has not consented to this suit. *Id.* (citing *Emory v. Tex. State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1025 (5th Cir. 1984)). As an instrumentality of the state, TDCJ (including the Robertson Unit) is immune from a suit for money damages under the Eleventh Amendment. *Talib*, 138 F.3d at 213. Federal claims against state employees in their official capacities are the equivalent of suits against the state. *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996). The Eleventh Amendment immunity thus extends to TDCJ-ID officers acting in their official capacity. *Aguilar*, 160 F.3d at 1054.

In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court carved out an exception to Eleventh Amendment immunity noting that a state cannot confer authority on its officers to violate the Constitution or federal law. *See Aguilar*, 160 F.3d at 1054. However, under this exception an individual official may be liable only for implementing a policy that is "itself [ ] a repudiation of constitutional rights" and "the moving force of the constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (citing *Grandstaff v. City of Borger*, 767 F.2d 161, 169, 170 (5th Cir. 1985)). Plaintiff's allegations fail to demonstrate any such policy. To the extent that Plaintiff makes claims against any of the Defendants in their official capacities and asserts a claim against the

Middleton Unit of TDCJ-ID, such claims lack an arguable basis in law or fact. The court, therefore, recommends that such claims be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

### III. CONCLUSION, RECOMMENDATION, AND TRANSFER

The court has considered Plaintiff's allegations in his complaint, as supplemented by his testimony, and the applicable law and recommends that the United States district judge **DISMISS WITH PREJUDICE AS FRIVOLOUS** all of Plaintiff's claims against the Defendants in their individual, official, and supervisory capacities.

In addition, the court **DENIES** any pending non-dispositive motions not otherwise addressed above.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

A copy of this order shall be sent by first class mail to all parties appearing *pro se* and to any attorney of record by first class mail or electronic notification.

Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

**IT IS ORDERED** that the transfer of this case to the United States magistrate judge is terminated, and the case is hereby transferred to the docket of United States District Judge Sam R. Cummings.

DATED this 2nd day of December, 2010.

_____
**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**