IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| MARC SCHRADER, Institutional ID No. 1519433, SID No. 0749662, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:10-CV-00216-C |
| DR. KEVIN REGAN, *et al.*, | ) ) | |
| Defendants. | ) | ECF |

## ORDER

Plaintiff, Marc Schrader, acting *pro se* and proceeding *in forma pauperis* under 28 U.S.C. § 1915, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Defendants, Dr. Kevin Regan, Dr. Jessie Singh, Physician's Assistant Mark Warren, R.N. Patsey Ballew, and R.N. Jeannine Brent, medical providers at the Texas Department of Criminal Justice ("TDCJ") Middleton Transfer Unit. Plaintiff alleges that Defendants were deliberately indifferent to his serious medical condition in violation of the Eighth Amendment and seeks a declaratory judgment, and monetary damages.

The complaint was transferred to the docket of the United States Magistrate Judge, who ordered authenticated copies of Plaintiff's prison records that were relevant to his complaint and notified authorities that a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), would be scheduled in the near future. The Magistrate Judge conducted a *Spears* evidentiary hearing on November 16, 2010, and Plaintiff testified under oath.

Because Plaintiff did not consent to proceed before the United States Magistrate Judge, pursuant to this Court's Order entered on October 1, 2010, the Magistrate Judge entered a Report

and Recommendation and transferred the case back to this Court on December 2, 2010. Plaintiff filed objections to the Report and Recommendation on December 23, 2010.

After carefully reviewing Plaintiff's pleadings and listening to the audio recording of the *Spears* hearing, the Court understands Plaintiff to argue the following:

(1) Dr. Regan, "unit physician" of the Middleton Transfer Unit and an employee of the Texas Tech Medical Branch, was deliberately indifferent because he is "responsible for all healthcare practices and procedures" at the unit and he "allowed" Plaintiff to be prescribed and administered valproic acid without proper monitoring procedures.

(2) Dr. Singh prescribed and administered valproic acid to Plaintiff, "a prisoner with known drug allergies," without proper monitoring and follow-up procedures.

(3) Physician's Assistant Mark Warren prescribed and administered valproic acid to Plaintiff, "a prisoner with known drug allergies," without proper monitoring and follow-up procedures.

(4) Nurse Ballew refused to follow the physician's orders and substituted her own judgment for that of a physician.

(5) Nurse Brent substituted her own judgment for that of a physician by "diagnosing Plaintiff's drug allergy symptoms as not being caused by valproic acid," prescribing Benadryl to treat his drug allergy, and failing to notify a physician or physician's assistant of his distress.

Plaintiff contends that as a result of Defendants' actions or inactions he suffered an allergic reaction to valproic acid which resulted in a severe rash, weight loss, acute renal failure, dialysis, and a lengthy hospitalization. In his objections to the Report and Recommendation, Plaintiff specifically denies raising claims of negligence or complaints about the treatment received after the drug allergy was discovered. He also denies that he is complaining about the Defendants' failure to "discover his condition" but that the Defendants' "ignored" his condition, which resulted in serious injury.

A prison official "violates the Eighth Amendment's prohibition against cruel and unusual

punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs . . . ." *Sama v. Hannigan,* 669 F.3d 585, 590 (5th Cir. 2012) (quoting *Easter v. Powell,* 467 F.3d 459, 463 (5th Cir. 2006) (quotation omitted)). To demonstrate "deliberate indifference," a prisoner must show that the prison official knew of but disregarded an excessive risk to his health or safety; thus, a prisoner must show both that the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must [have drawn] the inference." *Brewster v. Dretke,* 587 F.3d 764, 770 (5th Cir. 2009) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)). "Deliberate indifference is an extremely high standard to meet," *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted), and requires the prisoner "to allege that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would evince a wanton disregard for his circumstances.'" *Brewster v. Dretke,* 587 F.3d at 770 (quoting *Domino v. Texas Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation omitted)). Thus, a prisoner's allegations of unsuccessful medical treatment, acts of negligence, and medical malpractice are insufficient to show deliberate indifference, and neither will a prisoner's disagreement with his medical treatment, absent exceptional circumstances, satisfy the standard. *Gobert v. Caldwell,* 463 F.3d at 346.

This Court has made an independent examination of Plaintiff's pleadings and extensive medical record and finds that Plaintiff has failed to sufficiently allege that the Defendants acted with deliberate indifference[1] and the Magistrate Judge's findings and conclusions should be ADOPTED.

---

[1] In Plaintiff's complaint and his objections to the Report and Recommendation, he acknowledges that between September 3, 2008, when he was prescribed valproic acid, and October 17, 2008, when the valproic acid was discontinued, he visited the prison infirmary multiple times and was transported to

It is, therefore, **ORDERED**:

(1) For the reasons set forth above and in the Magistrate Judge's Report and Recommendation dated December 2, 2010, the instant civil rights action is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e.

(2) This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915 and *Adepegba v. Hammons,* 103 F.3d 383 (5th Cir. 1996).

(3) The dismissal of Plaintiff's complaint does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See* 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner **shall be required to pay the full amount of a filing fee.**") (emphasis added); *Hatchet v. Nettles,* 201 F.3d 651, 654 (5th Cir. 2000) ("No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal.").

(4) Plaintiff is advised that if he appeals this Order, he will be required to pay the appeal fee of $455.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a 6-month Certificate of Inmate Trust Account at the same time he files his notice of appeal.

(5) Any pending motions are DENIED.

Judgment shall be entered accordingly.

---

Hendrick Medical Center on at least one occasion. He also states that tests were performed and treatment, albeit not the treatment he now states that he needed, was provided. Thus, Plaintiff's pleadings themselves negate a showing of deliberate indifference.

4

A copy of this Order shall be mailed to the Office of General Counsel, TDCJ-ID Litigation Support, P.O. Box 13084, Austin, Texas, 78711 and to TDCJ Local Funds Division, P.O. Box 629, Huntsville, Texas 77342-0629.

Dated August __16__, 2012.

_____
SAM R. CUMMINGS
United States District Judge